(Reap. Dec. 9890)

DAIICHI BUSSAN KAISHA, LTD. *v.* UNITED STATES

Entry No. 70250, etc.

(Decided December 29, 1960)

*Siegel, Mandell & Davidson* for the plaintiff.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

WILSON, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation of counsel for the respective parties:

IT IS STIPULATED AND AGREED by and between the respective parties hereto, subject to the approval of the Court, that the export value of the merchandise (woolen piece goods) embraced in the invoices covered by the entries the subject of the appeals to reappraisement noted on the schedule attached hereto and made a part hereof, at the time of exportation to the United States at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantity and in the ordinary course of trade, for export to the United States, including the cost of all containers and coverings of whatever nature and all other expenses' incidental to placing the merchandise in condition packed ready for shipment to the United States was the entered values.

IT IS FURTHER STIPULATED AND AGREED that there was no higher foreign or domestic value for merchandise such as or similar to the merchandise at the time of exportation thereof.

IT IS FURTHER STIPULATED AND AGREED that the appeals to reappraisement herein may be submitted for decision on this stipulation.

On the agreed facts, I find and hold that export value, as that value is defined in section 402(d) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise here involved, and that such value was the entered value in each case.

Judgment will be rendered accordingly.